Reese, J.
delivered the opinion of the court.
James Houston, in his lifetime, brought this action on the case against the plaintiffs in error, as executors of the last will and testament of C. Houston, deceased, in which he counted for work, labor and services done and performed by him for the testator, and for goods, &c., sold and delivered, and for money had and received, &c. The executors pleaded several pleas, upon which issue was taken, and the jury found a verdict for the administrator of James Houston, and assessed his damages to upwards of one thousand dollars. But the plaintiffs in error also pleaded three other pleas, setting forth that there was a contest about the last will and testament of their testator, in which an issue of devisavit vel non was made up, and that the said contest or suit was for some time depending, and that at a time named in said pleas, the said James Houston, the plaintiff below, and another were appointed administrators, pen-dente lite, of the estate of^said C. Houston; that said suit and the office of said administrator pendente lite determined at a time specified, and they the said plaintiffs in error were duly qualified as executors of the last will and testament of the said C. Houston, and that more than two years had elapsed between the time when the said administrators pendente lite were appointed, and the time when this suit was commenced against them.
To these pleas there was a demurrer, which the circuit court *654 upon argument sustained; and the question here is, whether the judgment of the circuit’court, in that respect, be correct. This question has been argued, as if the accuracy of that judgment would mainly depend upon the view which might be taken of the larger or more restricted powers, legally belonging to such limited administration. And we have been referred on the one hand to the Treatise of Toller, to show that such administrator can sue and be sued, and possibly has the privilege of retaining for his debt; and on the other side to the Treatise of Williams, to 1 Ball. & Beatty, 192,1 Scho. & Lef. 254, and other authorities to prove, that an administrator pendente lite, is merely the appointee or officer of the court, to hold the property till the suit terminates, and then pay over all he has received in that character; that he may indeed maintain actions to recover debts due to the deceased, but that the nature of the authority conferred is merely to collect the effects; his power does not extend either to vest or distribute them; he cannot construe the will, and has no authority to pay legacies, and his authority determines with the suit. These latter positions seem all to be well settled, and are of some importance in aiding the construction to be given to our act of 1789, with reference to the facts set forth in these pleas. But the question mainly depends upon the provisions of the statute itself and is easily determinable by the proper construction of the statute arising out of those provisions, without any intrinsic aid. The second section of that statute directs executors or administrators, immediately after the expiration of two years from their qualification, to pay out the estate to those entitled as legatees or dis-tributees, taking a bond to refund if necessary.
How absurd this provision would be, if applied to an administrator pendente lite! If the suit were depending two years, he would on that supposition have to pay out the money and effects belonging to the estate to the distributees, contrary to the very object and purpose of his appointment, and contrary to the nature and character of his powers and duties.
The third section provides for the plea of plane administravit by the executor or administrator, and points out how the land of the heirs shall be reached by scire facias, when such plea *655 shall be found in favor of the pergonal representative. To apply this to the limited administration pendente lite, would be most absurd in meaning, and most disastrous in its consequences. Before the suit was terminated, the land claimed by the devisees under the will, might be sold as the property of the heirs, by a proceeding against the administrator pendente lite and the heirs. Then comes the 4th section, creating the bar, after two years from the qualification of the executors or administrators, unless on special request, &c.
There is not a particle of doubt, that the term administrator, whenever used throughout this statute, is used to express the full arid entire powers of a personal representative, having general authority to dispose of assets, to collect and pay debts, and distribute the surplus and take refunding bonds, &c. It is used throughout the statute as a correlative term with executor. But it is used in the plea of the plaintiffs in error, who are themselves executors, to designate the officer who had charge and care of the assets while the suit was in progress, and according to the principle of their own plea, if the suit had been depending two years, they would have been compellable upon qualification, eo instanti, to have closed their executorship, although the statute, in terms, gives to them nominatim two years from the time of their qualification to wind up the affairs of their administration. So we think, it is very clear, that the judgment of the circuit court is correct in sustaining the demurrer in question. Let the judgment be affirmed.